# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

UNITED STATES OF AMERICA          CASE NO.**1:19cr00139MACKFG1**

        PLANTIFF

VS

MATTHEW SELLS, JR.

        DEFENDANT

## MOTION TO WITHDRAWAL PLEA DUE TO INEFFECTIVE ASSISTSNCE OF COUNSEL(Strickland v. Washington, 466 U.S. 668 (1984) AND Faretta v. California, 422 U.S. 806 (1975), AND VIOLATION OF RULES OF PROFESSIONAL CONDUCT1.2,1.3, 1.4, AND 1.16.

Comes Now, defendant, pro-se requesting that the courts grant defendants motion to withdrawal plea and recuse judge, and to appoint new counsel due to violation of faretta and rules of professional conduct. Defendant believes that manifest injustice is proved in the facts stated below.

## FACTS

On September 25th, 2019 defendant was charged with felon in possession of a firearm by a prohibited person, violation of **18 U.S.C.** § **922 (g)** (1).On January 14th, 2020 defendant plead guilty to one count of prohibited person in possession of a firearm

922(g).Before entering plea defendant filed motions to Honorable District Judge Crone inform her of defendants lawyer Gary R Bonneaux, to inform her that defendants counsel was unsatisfactory and falling below professional standards. On July 10th, 2020 defendant was sentenced to 96 months of federal prison time. Defendants motions in regards to his counselors conduct fell upon deaf ears. Defendant was further sentenced to a high end of 96 months which was unjustified by Honorable District Judge Crone furthermore defendants was treated unfairly by judge and counsel which upon inspection of motions, and transcripts is without a doubt shocking to the conscience. Defendant suffered extreme police misconduct that resulted in several fourth amendment violations that are so blatant that a unbiased judge would have surely noticed, as well as competent counsel would have filed pre-trial motions on defendants behalf to protect his innocence and shield him from the constitutional violations that infr0inged upon his Fourth amendment rights. None of this happened which resulted in incompetent counsel who failed defendant to plead guilty unknowingly that he had the right to counsel favorable to his defense in which Attorney Gary Bonneaux was not. The Honorable District Judge unfairly, prejudicely, and with pure bias ignored defendants plea for help in which defendant filed pro-se with the courts.Defendant was not requesting to go pro-se but was seeking counsel favorable to him. Nothing on the records show defendants lawyer did anything to challenge the police misconduct that led to defendants charges in which defendant was not breaking the law, nor engaged in a police pursuit at the time of offense, furthermore was on private property and vehicle parked on curtilage at the time. Police officers seized defendant stemming from a

involuntary police encounter. (Note: the marijuana seized was stuffed in officers shirt on body cam, no police docs. Noted(see body cam) )

## AUTHORITY

The Fourth Amendment assures the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense.

Rules of Professional Conduct 1.2

Subject to paragraphs (c) and (d), a lawyer shall abide by a client's decisions concerning the objectives of representation and, as required by Rule 1.4, shall consult with the client as to the means by which they are to be pursued. A lawyer may take such action on behalf of the client as is impliedly authorized to carry out the representation. A lawyer shall abide by a client's decision whether to settle a matter. In a criminal case, the lawyer shall abide by the client's decision, after consultation with the lawyer, as to a plea to be entered, whether to waive jury trial and whether the client will testify.

Rules 1.3 states that a lawyer shall act with reasonable diligence and promptness in representing a client

Rule 1.4: Communication(a) A lawyer shall:(1) promptly inform the client of any decision or circumstance with respect to which the client's informed consent, as defined in Rule 1.0(e), is required by these Rules;

(2) reasonably consult with the client about the means by which the client's objectives are to be accomplished;

(3) keep the client reasonably informed about the status of the matter;

(4) promptly comply with reasonable requests for information; and

(5) consult with the client about any relevant limitation on the lawyer's conduct when the lawyer knows that the client expects assistance not permitted by the Rules of Professional Conduct or other law.(b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation. Rule 1.16: Declining or Terminating Representation (a) Except as stated in paragraph (c), a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if:

(1) the representation will result in violation of the rules of professional conduct or other law;

(2) the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client; or

(3) the lawyer is discharged.(b) Except as stated in paragraph

(c), a lawyer may withdraw from representing a client if:

(1) withdrawal can be accomplished without material adverse effect on the interests of the client;

(2) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;

(3) the client has used the lawyer's services to perpetrate a crime or fraud;

(4) the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement;

(5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;(6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or(7) other good cause for withdrawal exists.

(c) A lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating a representation. When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation.

(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client,

allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.

Rule 3.8: Special Responsibilities of a Prosecutor

The prosecutor in a criminal case shall:

(a) refrain from prosecuting a charge that the prosecutor knows is not supported by probable cause;

(b) make reasonable efforts to assure that the accused has been advised of the right to, and the procedure for obtaining, counsel and has been given reasonable opportunity to obtain counsel;

(c) not seek to obtain from an unrepresented accused a waiver of important pretrial rights, such as the right to a preliminary hearing;

(d) make timely disclosure to the defense of all evidence or information known to the prosecutor that tends to negate the guilt of the accused or mitigates the offense, and, in connection with sentencing, disclose to the defense and to the tribunal all unprivileged mitigating information known to the prosecutor, except when the prosecutor is relieved of this responsibility by a protective order of the tribunal;

(e) not subpoena a lawyer in a grand jury or other criminal proceeding to present evidence about a past or present client unless the prosecutor reasonably believes:

(1) the information sought is not protected from disclosure by any applicable privilege;

(2) the evidence sought is essential to the successful completion of an ongoing investigation or prosecution; and

(3) there is no other feasible alternative to obtain the information;

(f) except for statements that are necessary to inform the public of the nature and extent of the prosecutor's action and that serve a legitimate law enforcement purpose, refrain from making extrajudicial comments that have a substantial likelihood of heightening public condemnation of the accused and exercise reasonable care to prevent investigators, law enforcement personnel, employees or other persons assisting or associated with the prosecutor in a criminal case from making an extrajudicial statement that the prosecutor would be prohibited from making under Rule 3.6 or this Rule.

(g) When a prosecutor knows of new, credible and material evidence creating a reasonable likelihood that a convicted defendant did not commit an offense of which the defendant was convicted, the prosecutor shall:

(1) promptly disclose that evidence to an appropriate court or authority, and

(2) if the conviction was obtained in the prosecutor's jurisdiction,

(i) promptly disclose that evidence to the defendant unless a court authorizes delay, and

(ii) undertake further investigation, or make reasonable efforts to cause an investigation, to determine whether the defendant was convicted of an offense that the defendant did not commit.

(h) When a prosecutor knows of clear and convincing evidence establishing that a defendant in the prosecutor's jurisdiction was convicted of an offense that the defendant did not commit, the prosecutor shall seek to remedy the conviction

## ARGUMENT

On July 4th, 2019, defendant Matthew Sells arrived at (address unknown) Washington Blvd, Beaumont, Texas at a friends house. While at this house, without reasonable suspicion probable cause, or a warrant officers of BPD intruded on to the property and seized defendant without a warrant, reasonable suspicion, or probable cause Terry v. Ohio, 392 U.S. 1 (1968) and without a warrant, reasonable suspicion, or probable cause searched defendant and vehicle parked on the curtilage of the residence. Collins v. Virginia, No. 16-1027, 584 U.S. ___ (2018), During this involuntary police encounter defendant Sells repeatedly told the officer that he could not search the vehicle, yet the officer still did. Prior to the involuntary police encounter, defendant was not pulled over by law enforcement nor had the defendant been involved in a hot pursuit with officers of the Beaumont Police Department. Prior to this involuntary police encounter there was nothing to show or indicate that the officer had initially pursued the defendant to warrant the illegal intrusion onto the property.

Officers of the BPD failed to mention (see body camera) that a resident of the property was parked in the driveway in front of defendants vehicle. Officers had no reason

to intrude or believe defendant was on property illegally. Officers of the B.P.D showed the "Show of Authority" by immediately entering residence without warrant, reasonable suspicion, or probable cause and grabbing defendant Mr. Sells wrist, ensuring that Mr. Sells was not free to leave or avoid the involuntary police encounter**, as well as no citation for tinted windows ever noted. (Reason for alleged lawful encounter)**

From that moment, without a warrant, probable cause, or him off the property, and without a warrant began searching the exterior part of the residence, then without a warrant or exigent circumstances began searching the vehicle which was parked on the curtilage of the property. (see bodycam) Officers went on a hunch, better known as a fishing expedition in search of evidence to a crime without a warrant, reasonable suspicion or probable cause <u>Terry v. Ohio, 392 U.S. 1 (1968).</u> B.P.D alleged that vehicles window was illegal, yet no traffic citation was written to verify this involuntary encounter on private property in which Mr. Sells was in fact not breaking the law, even more so exercising his innocence (see booking charges). (Vehicle was not running and keys were remover prior to officers arrival – see bodycam). Furthermore this was not a joint traffic stop nor a lawful traffic stop, see police body cam that defendant was never evading police officers and being that he wasn't the police had no right to enter private property to investigate a hunch, Officers from the police department contacted Mr. Sells girlfriend after sending him to jail, defendant knew that the officer may have had personal interest in his personal life that influenced officers decision to pursue defendant illegally that was never investigated by counsel.

## Ineffective Assistance of Counsel Facts and Arguments

The sixth amendment. ensures defendant a right to counsel favorable to his defense see Faretta case law Faretta v. California, 422 U.S. 806 (1975), citing that if the defense fails, it is the defendant who will suffer not the lawyer, in this case defendant is incarcerated for 8 years. The govt. may argue that defendant knowingly and intelligently took the plea, but facts prove lawyer lacked a viable defense, as well as failed to file any pre-trial motions to fight the allegations, despite the overwhelming amount of evidence if favor of the defense. The Honorable District Judge intentionally ignored defendants pleas in his filed pro-se motions and with bias sentenced defendant harshly after reading defendant dissatisfaction with counsel defendant terminated/discharged his lawyer in accordance to the rules of professional conduct 1.16 declining or terminating counsel, in which his counsel told him it was too late to discharge him and denied the order stating he was just waiting on sentencing and it was too late. Counsel failed to hear defendants pleas that he was innocent, failed to investigate, counsels only coercive technique was to get defendant to cooperate or get time. Counsel failed to suppress illegal evidence, counsel failed to file any pre-trial motions to ensure the defendant would prevail in any judicial proceedings. Counsels actions fell below a objectionable standard thus rendering his competence. Counsel was clearly ineffective and not in favor of the defendants defense Stirckland vs. Washington,466 U.S. 668 (1984). Counsel failed to investigate and discover evidence of **why in fact this was a traffic stop or if indeed it was a lawful stop** that then transformed into a illegal arrest, a illegal search of person (pat down) then a illegal statement obtained, then a illegal search of the vehicle resulting in Wong Sun.

Had counsel investigated defendants case and claims, defendant believes whole heartedly he would be home now, but instead defendant is not a lawyer and because of poor and incompetent counsel, and because of that, he is now serving a lengthy prison sentence. Furthermore defendant believes manifest injustice has been shown, because counsel never investigated witness who lived at residence to secure defendants Fourth Amendment rights and protection, nor a option for a viable defense. A participant of the property was in the driveway in front of Mr. Sells Jeep, meaning the driver and vehicle was there before Mr. Sells and was never questioned because officers were aiding and assisting one another in violating Mr. Sells rights, in which United States Attorneys Office is aware of. The prosecution may try to argue that defendant took his plea knowingly and intelligently but in fact defendant did not benefit from his plea bargain or his lawyer. Had defendant hap competent counsel a plea negotiation would have never been discussed and it is believed that defendant would be home, so therefore the negligence of counsel shall not fall at the defendants fault but as in favor for it is the lawyer who is the expert and it is whom the defendant was to believe although this professional is well informed in the law just simply did not work and therefore became ineffective unknowingly to the defendant that his advice and actions were less then favorable, only to the government, wherefore there is no way to make the claim that this plea was done knowingly and intentionally when the advice of counsel is not the standard procedure in which counselors take to show they are fighting for their clients.

## Conclusion

Defendant prays that courts grant relief and grant this motion to withdrawal his plea after sentencing and appoint him competent counsel, and recuse Honorable

District Judge Crone from case, and allow competent counsel to proceed to suppression hearing.

Respectfully Submitted

Matthew Sells #28979-078

United States Penitentiary McCreary

P.O Box 3000

Pine Knot, KY 42635

*/s/ Matthew Sells*

## Certificate Of Service

A copy of this foregoing motion was filed to:

Assistant United States

350 Magnolia, Suite 150

Beaumont, Texas 77701-2237

(409) 839-2538 (409) 839-2550 (fax) and

United States Eastern District 300 Willow St, Beaumont, TX 77701

On the day 22nd day of February 2021



Matthew Sells
USP McCreary
P.O. Box 3000
Pine Knot, KY ~~42635~~
42635

CLERK, U.S. DISTRICT COURT
RECEIVED
MAR - 1 2021
EASTERN DISTRICT OF TEXAS
BEAUMONT, TEXAS

United States Eastern District
300 Willow St.
Beaumont, TX 77701